IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRY D. GRAY, § | |
| COUNTY JAIL #99436, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-14-0880 |
| § | |
| BRAZOS COUNTY, et al., § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

The petitioner, Terry D. Gray (County Jail #99436), is an inmate incarcerated in the Brazos County Detention Center awaiting trial. Gray has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking release from jail and compensatory damages for a state district judge's alleged discriminatory racial actions against him. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.     BACKGROUND

Gray was arrested and charged with third degree felony family assault on October 20, 2013 (Doc. # 1, p. 2). He states that Attorney Mark Maltsburger was first appointed to represent him and that Maltsburger filed a motion for bond reduction;

however, Maltsburger filed a motion to withdraw due to a conflict of interest. Attorney Jay Granberry was then appointed to represent Gray on November 20, 2013.

Gray alleges that his mother (one of the complainants in the family violence case against him) filed an affidavit of non-prosecution stating that she wanted the charges dropped and that neither she nor Gray's brother (the other complainant) would appear in court to testify against Gray (Doc. #1, p. 2). Gray requested that Granberry file a motion for a bond reduction and a speedy trial motion; however, no motion was filed. *Id.* at 3.

Gray, who is African American, complains that Judge Travis Bryan and Assistant District Attorney Ryan Calvert, two of the named respondents in this federal habeas proceeding, refused to lower his bond after a hearing although the court did lower a white female defendant's bond during the same court session. *Id.* He asserts that the trial court has refused to respond to his claims that the denial of bond reduction is racially motivated. *Id.* at 4. Gray also complains that he has been denied a speedy trial.

Gray indicates that he has contacted the Department of Justice, the County Commissioners Court, the ACLU, and the Grievance Committee of the State Bar of Texas. *Id.* at 5. He requests that the Court grant him immediate release and monetary

compensation for lost wages. *Id.* He also seeks Judge Bryan's and ADA Calvert's disbarment.

Gray previously filed a civil rights complaint against Calvert containing similar allegations of racial discrimination. The Court dismissed the complaint as frivolous, finding that Calvert is entitled to absolute immunity for his actions as a state prosecutor. *Gray v. Calvert*, No. H-14-0268 (S.D. Tex. Feb. 7, 2014). Gray filed a second pleading against Calvert which was dismissed as improvidently filed. *Gray v. Calvert*, No. H-14-0315 (S.D. Tex. Feb. 11, 2014)

## II.   DISCUSSION

If Gray were challenging a final state court conviction, his petition would be brought under 28 U.S.C. § 2254 which contains provisions requiring exhaustion of state court remedies before seeking relief in federal court. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997). Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *Id.*; *see also Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief."), *citing Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the

state. *Nobles*, at 420 (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). This exhaustion requirement is based on the precept of comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) (citing *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir. 2007)). The federal courts follow this principle to afford the state courts the first opportunity to address and correct the alleged violations of a petitioner's federal rights. *Id.* Therefore, a habeas petitioner must go through the state court system before presenting his constitutional claims in a federal petition. *See Rhines v. Weber*, 128 S.Ct. 1528, 1533 (2005).

In this proceeding, Gray is challenging a pending trial proceeding, not a final conviction. Pre-trial petitions are properly brought before the federal courts under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-04 (1973); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987)).

Although section 2241 does not contain explicit language requiring exhaustion of available remedies, the United States Court of Appeals for the Fifth Circuit has placed such a requirement on federal challenges of pre-trial proceedings. *Dickerson,* 816 F.2d at 224. The Brazos County District Clerk's website reflects that there is no

record of an appeal or writ of habeas corpus being filed in Gray's state criminal proceeding. *See* www.justiceweb.co.brazos.tx.us/crimfrmd.

Gray has not presented any grounds that would warrant this Court's intervention regarding the state court's determination of his bail amount. *See United States v. Lohdi*, 21 F.3d 606 (5th Cir. 1994).[1] Gray may assert his right to a speedy trial in a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Rodriguez v. State*, 804 S.W.2d 516, 519 (Tex. Crim. App. 1991); *Chapman v. Evans*, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988) (granting the relator's request for a writ of mandamus to compel the district court to set his case for trial); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (concluding that the Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case); *see also Smith v. Gohmert*, 962 S.W.2d 590, 593 & n.7 (Tex. Crim. App. 1998) (distinguishing between the availability of mandamus relief to compel a speedy trial from the availability of mandamus relief to compel dismissal on speedy trial grounds, which is not available in habeas or mandamus). Gray may assert other real or perceived injustices on appeal or in a post conviction challenge. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). He must do so

---

[1] Federal courts ordinarily abstain from interfering with pending state criminal proceedings absent special circumstances. *Younger v. Harris*, 401 U.S. 37, 44-46 (1971).

before seeking federal relief. *Id.* Absent special circumstances, which are not present in this case, a federal petition for a writ of habeas corpus may not be filed until state remedies have been exhausted. *Braden*, at 489; *Dickerson*, at 225-27; *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Gray's claims for monetary compensation is not actionable in a habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Gray may not use this action to prosecute the respondent officials either. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction.

### III. **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a

circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898

### IV.     CONCLUSION AND ORDER

For the reasons stated above, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust available state court remedies.

2. A certificate of appealability is **DENIED.**

The Clerk will provide copies of this order to the parties.

**SIGNED** at Houston, Texas on April 14, 2014.

_____
Nancy F. Atlas
United States District Judge